UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THOMAS KURTZ,

                Plaintiff,

-against-                                      3:25-cv-692 (LEK/TWD)

SMITH, et. al.,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Thomas Kurtz filed this action, *in forma pauperis*, on June 2, 2025, pursuant to 42 U.S.C. § 1983, alleging, that the Defendants deprived him access to his money, stole from his account, and violated the Antiterrorism act, 18 U.S.C. §233, as "sponsors of Terrorism." Dkt. No. 1 ("Complaint"), Dkt. No. 7 ("IFP Application"). Plaintiff also filed a motion requesting the appointment of counsel. Dkt. No. 4. On October 3, 2025, the Honorable Therese Wiley Dancks, United States Magistrate Judge, issued a Report-Recommendation and Order recommending that the Court grant Plaintiff's IFP Application, dismiss Plaintiff's Complaint, and deny Plaintiff's request for the appointment of counsel. Dkt. No. 13 ("Report and Recommendation"). Plaintiff has filed objections. Dkt. No. 16 ("Objection"), Dkt. No. 17 ("Supplemental Objections"); Dkt. No. 21 ("Second Supplemental Objections"). On December 10, 2025, Plaintiff also filed an amended complaint. Dkt. No. 22 ("Amended Complaint").

For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

**II.     BACKGROUND**

The Court assumes familiarity with Judge Dancks's Report and Recommendations, as well as Plaintiff's factual allegations as detailed therein. *See* R. & R. at 2–3.

**III.    LEGAL STANDARD**

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406 (emphasis in original).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party

makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *DiPilato*, 662 F. Supp. 2d at 340 (emphasis in original) (quoting *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato*, 662 F. Supp. 2d at 340 (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008))

## IV.   DISCUSSION

Plaintiff filed three documents that he characterized as objections. *See generally* Obj.; Supp. Obj.; Second Supp. Obj.  The court does not find anything in these documents to be objections that are  "specific and clearly aimed at particular findings in the magistrate's proposal." *DiPilato*, 662 F. Supp. 2d at 340. Indeed, Plaintiff's Objections and Supplemental Objections appear to be restatements of his legal claims and the facts underlying his claim. *See generally* Obj.; Supp. Obj; Second Supp. Obj. Accordingly, the Court will review the Report and Recommendation under the clear error standard of review. *N.Y.C. Dist. Councils. of Carpenters Pension Fund*, 341 F. Supp. 3d at 336.

Further, Plaintiff's Amended Complaint does not solve the deficiencies in the original Complaint identified by Judge Dancks. *See generally* R. & R. 5–10. The relevant differences

3

between the first and second complaints are the removal of the city of Ithaca and the Plaintiff's assertion that jurisdiction is proper under 42 U.S.C. §§ 1983, 1985(b), as well as 28 U.S.C. §§ 1331, 1343. *Compare* Compl. at 2–3, *with* Am. Compl. at 1, 4. Judge Dancks in her Report and Recommendation has thoroughly explained why this Court lacks jurisdiction in this case under section 1983, as well as sections 1331, and 1343. *See* R. & R. at 6–9. Having reviewed the Report and Recommendation for clear error, the Court finds none and adopts the Report and Recommendation in its entirety.

Liberally construed, the Court understands Plaintiff in his Amended Complaint to be making an additional argument under 42 U.S.C. §1985(3) that his rights were deprived by the Community Federal Credit Union. *See* Am. Compl. at 4–6. To successfully make out a conspiracy claim under Section 1985(3) a plaintiff must allege:

> 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges, and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his persons or property or deprived of any right or privilege of a citizen of the United States.

*Britt v. Garcia*, 457 F.3d 264, 269 n. 4 (2d Cir. 2006).

For a conspiracy under Section 1985(3) to be actionable it also must be "motivated by some racial or . . . class-based, invidious discriminatory animus." *Cine Sk8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007) (internal quotes omitted). Here, Plaintiff has not alleged anywhere in his Amended Complaint that he was deprived of rights as a result of a conspiracy motivated by racial, class-based, or invidious discriminatory animus. *See generally*, Am. Compl.

The Court therefore dismisses Plaintiff's Complaint and terminates this action.

## V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 13, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED,** that this action is **DISMISSED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED,** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     January 22, 2026
           Albany, New York

*[signature]*
LAWRENCE E. KAHN
United States District Judge